UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRELL JOHNSON,

                Petitioner,

  v.                                                  9:18-cv-0004
                                                         (GTS)

WARDEN FERNANDEZ,

                Respondent.
_____

APPEARANCES:                          OF COUNSEL:

DARRELL JOHNSON
67505-050
Petitioner, pro se
FCI Petersburg (Low)
P.O. Box 1000
Petersburg, VA 23804


GRANT C. JAQUITH, ESQ.         WILLIAM LARKIN, ESQ.
United States Attorney             Ass't United States Attorney
Northern District of New York
Attorney for Respondent
U.S. Attorney's Office
445 Broadway, Room 218
Albany, NY 12207


GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

    The Clerk has sent to the Court a petition brought pursuant to 28 U.S.C. § 2241 by pro

se petitioner Darrell Johnson.[1]   Dkt. No. 1 ("Pet.").

## II.     RELEVANT BACKGROUND

### A.     State Proceedings

Petitioner was arrested on state drug charges on four separate occasions beginning on July 18, 2013.  Dkt. No. 1-1, Memorandum of Law in Support of Darrell Johnson Request for Relief Pursuant to 28 U.S.C. § 2241 ("Pet. Mem.") at 3; Dkt. No. 9, Response to Petition for a Writ of Habeas Corpus ("Gov't Resp.") at 2; Dkt. No. 9-1, Declaration of Deborah Colston ("Colston Decl."), Attachment ("Att.") 5-8, Dkt. No. 9-6–9-9.[2]  Following a guilty plea, petitioner was sentenced on March 6, 2015, in the Superior Court of New Jersey, Essex County, to concurrent terms of three years incarceration on the state charges.  Pet. Mem. at 4; Colston Decl., Att. 5 at 5, 8, 11, 15.  He remained in state custody, first at the Essex County Jail and subsequently at the Northern State Prison, until he completed his state sentence.  Pet. Mem. at 3-4.

### B.     Federal Proceedings

Several months after his state sentencing, petitioner was taken into temporary federal custody  pursuant to a writ of habeas corpus ad prosequendum.[3]  Gov't Resp. at 2; Colston

---

[1] At the time he filed the Petition, petitioner was incarcerated at Federal Correctional Institution ("FCI") Ray Brook, which is within this Court's jurisdiction.  *See Thomas v. Craig*, No. 9:05-CV-1416 (DEP), 2007 WL 836870, at *1 (N.D.N.Y. Mar. 15, 2007); *see also* 28 U.S.C. § 2241(a) (noting that district or circuit judge may grant writ of habeas corpus "within their respective jurisdictions").  Petitioner has since been transferred to FCI Petersburg.  Dkt. No. 17, Notice of Change of Address.  Despite this transfer, this Court retains jurisdiction over the Petition.  *Thomas*, 2007 WL 836870, at *1 n.1 (citing cases).

[2] For clarity, all page citations will refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[3] A writ of habeas corpus ad prosequendum is "[a] writ used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined."  Black's Law Dictionary 825 (10th Ed. 2009).

(continued...)

Decl., Att. 6, Dkt. No. 9-7.  On July 21, 2015, petitioner was brought before a United States Magistrate Judge in the District of New Jersey for an initial appearance on federal drug charges.  Pet. Mem. at 4; Gov't Resp. at 2.  After pleading guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, petitioner was sentenced by the U.S. District Court on November 9, 2016, to 70 months imprisonment, to be served concurrently with his state sentence.  Pet. at 1; Pet. Mem. at 2-3; Colston Decl., Att. 7, Dkt. No. 9-8 at 2-3.  The judge also included a recommendation that the federal Bureau of Prisons ("BOP," "FBOP," or "Bureau") designate a state facility as the place of confinement for his federal sentence.  Pet, Mem. at 4-5; Colston Decl., Att. 7 at 3.  After sentencing, petitioner was returned to state custody. Colston Decl., Att. 6.  Upon completion of his state sentence, petitioner was released to the custody of the U.S. Marshal on March 24, 2017, to serve the remainder of his federal sentence.  Colston Dec., Att. 8-9,  Dkt. No. 9-9–9-10.

## III.  THE PETITION

Petitioner contends that the BOP "has refused to carry out the federal sentencing judges [sic] decision and sentence."  Pet. at 6.  He alleges that, by its actions, the BOP has rendered the federal judgment a "nullity," Dkt. No. 14, Petitioner's Response to the

---

[3](...continued)
The transfer of an inmate to federal court pursuant to a writ of habeas corpus ad prosequendum does not amount to a relinquishment of primary jurisdiction.  In other words, in a case like this one, where a defendant is initially arrested by state authorities and then borrowed by federal authorities for the purpose of federal indictment, trial, and/or sentencing, the state retains primary jurisdiction throughout the federal proceedings.

*Cruz v. Bureau of Prisons*, No. 10 Civ. 5460, 2013 WL 12177171, at *3 (S.D.N.Y Mar. 22, 2013) (internal citation and quotation marks omitted).  Petitioner acknowledges that he remained in state custody throughout the period that he was "borrowed" by federal authorities pursuant to a writ of habeas corpus ad prosequendum.  Pet. Mem. at 3-4.

Government's Motion in Opposition to Habeas Corpus Relief ("Reply") at 3, and by doing so has "abused its discretion," Pet. Mem. at 8. Petitioner seeks an order that the BOP "execute the sentence of the Federal Judge as intended." Pet. at 8.

## IV. DISCUSSION

### A. Relevant Legal Standard

This action is properly brought under 28 U.S.C. § 2241 because petitioner challenges the execution of his sentence, not its imposition. *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) ("Section 2241 . . . is the proper means to challenge the *execution* of a sentence."); *Fisher v. Hudson*, No. 9:14-CV-0409(MAD), 2015 WL 13002032, at *3 (N.D.N.Y. June 15, 2015) ("A petition is properly brought pursuant to 28 U.S.C. § 2241 where a federal prisoner challenges the execution of his or her sentence, rather than the imposition of the sentence." (citing, *inter alia*, *Adams*, 372 F.3d at 134-35)). "Execution of a sentence includes, among other things, the computation of the sentence, and thus a § 2241 petition is the proper means to challenge the computation." *Fisher*, 2015 WL 13002032, at *3 (citing *Adams*, 372 F.3d at 135).

"After a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to commence . . . ." *United States v. Pineyro,* 112 F.3d 43, 45 (2d Cir. 1997) (citing 18 U.S.C. § 3585(a)). In addition, the BOP "determines a defendant's place of confinement," *id.* (citing 18 U.S.C. § 3621(a) ), and "has the authority under 18 U.S.C. § 3621 to designate the defendant's state prison as a place of federal confinement, with the result that the defendant would serve his sentences concurrently," *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 73 (2d Cir. 2005) (citing *McCarthy v. Doe*, 146 F.3d 118, 122-23 (2d Cir. 1998)); *see also* 18 U.S.C. § 3621(b); *Setser v. United States*, 566 U.S. 231, 235

(2012) ("[W]hen a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence–effectively making the two sentences concurrent . . . ."). The BOP also decides "whether the defendant should receive credit for time spent in custody before the [federal] sentence 'commenced' . . . ." *Pineyro,* 112 F.3d at 45 (citing 18 U.S.C. § 3585(b)) *; see also McCarthy*, 146 F.3d at 122-23 (noting BOP's authority to make *nunc pro tunc* designation of state prison as place of federal confinement); *accord Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1991) (holding that BOP has discretion to determine "whether the state prison in which [the defendant] served his sentence should be designated as a place of federal confinement *nunc pro tunc.*"). The Court reviews the BOP's exercise of that authority for abuse of discretion. *Barden*, 921 F.2d at 478 ("Any . . . court review of the Bureau's action will be limited to abuse of discretion."); *see also Abdul-Malik*, 403 F.3d at 76 ("The decision whether to designate a facility as a place of federal detention is plainly and unmistakably within the BOP's discretion and [the court] cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.") (internal quotation marks omitted); *Evans v. Larkin*, No. 2:11-CV-4706, 2014 WL 3882333, at *2 (E.D.N.Y. Aug. 7, 2014) ("[I]n a § 2241 petition challenging the computation of credit on a federal sentence, a district court has the power only to review a decision by the BOP, not to make credit determinations in the first instance.").[4]

---

[4] For example, "[a]rguably . . . the BOP would abuse its discretion, by exceeding its statutory authority, if it were to designate a facility of incarceration without considering all five factors [listed in 18 U.S.C. § 1621(b)]." *Cruz*, 2013 WL 12177171, at *13; *see also* Discussion section IV.B.2. *infra* at 8-9.

### B. Computation of Sentence

Petitioner specifically argues that "[t]he judgement and the hearing transcript show that the sentencing court unequivocally intended that the federal sentence be served concurrently with an existing state sentence and that the Bureau of Prisons should designate the existing state facilities for service of part of the federal sentence." Pet. Mem. at 4. Petitioner further states,

> In accordance with the federal sentencing judges [sic] order the FBOP should have retroactively designated Essex County Corrections Center and Northern State Prison as state facilities for service of his federal sentence and that [petitioner] be given credit for the time served from his arrest on March 6, 2015 to November 9, 2016.

*Id.* at 10.

The Government agrees that the sentencing judge ordered that petitioner's federal sentence be served concurrently with his state sentence and that the judge recommended that the BOP designate a state facility as the place of confinement . Gov't Resp. at 3-4. The Government represents that, in fact, both were done. *Id.* The Government disagrees, however, that the sentencing judge ordered retroactive designation of the state facility or that petitioner be given credit for the period between March 6, 2015, and November 9, 2016. *Id.* at 3-5. The Government has included the Declaration of Deborah Colston, a Management Analyst at the BOP, and related attachments regarding the calculation of petitioner's federal sentence.

As discussed below, petitioner cannot contend that the federal sentencing court's order that he serve his state and federal sentences concurrently and its recommendation that he serve the federal sentence in a state facility were not followed by the BOP. Therefore, the dispute appears to arise primarily from petitioner's final argument.

6

### 1. Concurrent Sentences

First, petitioner argues that the transcript of the federal sentencing hearing and the federal judgment of conviction indicate the court's intention that his state and federal sentences be served concurrently. Pet. Mem. at 4. Title 18, § 3584 addresses situations in which multiple terms of imprisonment are imposed:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a); *see also Setser*, 566 U.S. at 236 ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings."). Here, petitioner was already serving his state sentence when he was sentenced by the federal court. Pet. Mem. at 4; Colston Decl., Att. 6. Therefore, his sentences would have run consecutively had the federal judge not ordered otherwise. *See* 18 U.S.C. § 3584(a); Colston Decl., Att. 7 at 3.

The hearing transcript is not part of the record before this Court. However, petitioner's judgment in his federal case ("Judgment") is. Colston Decl., Att. 7. The Judgment states, in relevant part:

> The [petitioner] is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for term of 70 months. This sentence shall run concurrent with the [petitioner]'s imprisonment pursuant to the judgment in Docket Numbers 14-05-012061; 14-07-01836; and 14-08-020421, Essex County Superior Court.

7

*Id.* at 3. The Judgment clearly incorporates the federal court's intention–and order–that petitioner's federal and state sentences run concurrently. *See id.*; *see also* 18 U.S.C. § 3584(a).

Further, that order was carried out. Colston Decl. ¶ 11. After his federal sentencing, petitioner was returned to state custody, *id.*, Att. 6 at 2; *see also id.*, Att. 5,[5] where he remained until March 24, 2017, when he completed his state sentence and was released to the United States Marshal, Colston Decl. ¶ 11; *see also id.*, Att. 8, Dkt. No. 9-9; *id.*, Att. 9, Dkt. 9-10. Therefore, petitioner's allegation that the BOP has "refus[ed] to comply with the federal judgement of concurrency," Pet. Mem. at 5, is unfounded.

### 2. Service of Federal Sentence in State Facility

Next, petitioner contends that the federal sentencing court intended that he serve his federal sentence in a state facility. Pet. at 4. A federal sentencing court may recommend, but not require, that a federal prisoner serve his or her sentence in a state correctional facility. 18 U.S.C. § 3621(b); *Pineyro*, 112 F.3d at 45 ("While BOP may consider the recommendation of the sentencing judge in determining the place of a confinement, the district judge's views are not controlling."). Section 3621(b) provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;

---

[5] Attachment 5, the Calculation Work Sheet, reflects the calculation of petitioner's state sentence as well as his place of incarceration, the Northern State Prison. Colston Decl., Att. 5 at 2.

8

> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

The Judgment contains the court's recommendation that the BOP "designate a facility with the New Jersey Department of Corrections (presently housed at Northern State Prison) to be the place of service of this sentence." Colston Decl., Att. 7 at 3; *see also* Pet. Mem. at 4 ("The judgement and the hearing transcript show that the sentencing court unequivocally intended that . . . the Bureau of Prisons should designate the existing state facilities for service of part of the federal sentence."). Again, the federal court's intention–and recommendation–is clearly stated.

Again, the court's recommendation was carried out by the BOP. After his federal sentencing, Petitioner was housed at a New Jersey state facility until March 24, 2017, when he completed his state sentence. Colston Decl., Att. 8 at 2; *id.*, Att. 9 at 3. Only then was he transferred to primary federal custody and initially placed at the Federal Detention Center in Philadelphia. *Id.*, Att. 9 at 3. There is simply no basis for petitioner to argue that the BOP failed to follow the federal court's recommendation regarding service of the early part of his federal sentence in a state facility in order to effectuate concurrency. *See Abdul-Malik*, 403 F.3d at 73.

### 3. *Nunc Pro Tunc* Designation

Lastly, Petitioner asserts that the BOP has failed to carry out the federal court's "expressed . . . intention," Pet. Mem. at 8, and "order," *id.* at 10, that it "retroactively designate[] Essex County Corrections Center and Northern State Prison as state facilities for service of his federal sentence and that [he] be given credit for the time served from his arrest on March 6, 2015 to November 9, 2016," *id.* Petitioner quotes the sentencing judge's statements at the November 9, 2016, sentencing hearing as follows:

> I'm going to recommend that the Bureau of Prisons designate a facility in the New Jersey Department of Corrections to be the place of the service of the sentence, thereby making this sentence concurrent with your imprisonment pursuant to Docket Number 14-04-02061, 14-07-01836, 14-08-020421, Essex County Superior Court, so that you'll get credit for the time served for the time you've been incarcerated to date.

Pet. Mem. at 7; *see also id.* at 6 ("I'm going to sentence you to 70 months, b[u]t I'm going to run it concurrent with your State term. So you will get credit for the time that you've served to date . . . .") (underlining omitted). The Judgment does not address retroactivity. *See* Colston Decl., Att. 7.

As previously stated, "§ 3621(b), which grants broad discretion to the Bureau in designating a place of imprisonment, gives the Bureau authority to make the *nunc pro tunc* designation sought by petitioner." *McCarthy*, 146 F.3d at 123 (agreeing with Third Circuit's ruling in *Barden* that BOP possesses such authority). The BOP is not required to grant a petitioner's request for *nunc pro tunc* designation, but must give that request "full and fair consideration." *Id.*[6] Petitioner acknowledges both that the BOP "is under no obligation to

---

[6] In his Reply, petitioner offers the conclusory assertion that he "was never given a fair *Barden* review either." Reply at 6. Petitioner does not develop this argument, and the Court declines to address it. *See Dodakian v. United States*, No. 1:14-CV-01188, 2015 WL 11144511, at *11 (S.D.N.Y. Aug. 14, 2015) ("Lastly, [the petitioner] asks the Court, in a single sentence, to find § 2255 unconstitutional. The Court need not evaluate an argument that is so drastically undeveloped.").

grant *nunc pro tunc* designation," Pet. Mem. at 9, and that the BOP "has wide latitude in its decision to grant or deny a *nunc pro tunc* designation," *id.* at 10. If the BOP denies a petitioner's request, he or she must exhaust administrative remedies pursuant to the BOP's policies prior to filing a federal habeas petition. *Id.* at 2 (citing cases); *see also Setser*, 566 U.S. at 244 ("If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. And if that does not work, he may seek a writ of habeas corpus.") (internal citations omitted); *Thomas v. Craig*, No. 9:05-CV-1416 (DEP), 2007 WL 836870, at *1 n.2 (N.D.N.Y. Mar. 15, 2007) ("Federal inmates are required to exhaust internal administrative remedies prior to seeking habeas corpus relief under § 2241 in the context of sentencing credit under 18 U.S.C. § 3585.") (internal citations omitted). Petitioner has exhausted his administrative remedies. Pet. at 2; Colston Decl., Att. 11-12, Dkt. No. 9-12–9-13.

Petitioner's argument that the BOP's decision "seem[s] to have nullified the federal judgement that it is charged with enforcing and has effectively resentenced [petitioner] to consecutive state and federal sentences," Pet. Mem. at 5, must fail. First, 18 U.S.C. § 3585 provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>     (1) as a result of the offense for which the sentence was imposed; or
>
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). Here, petitioner was given credit toward his federal

11

sentence for the 61 days he spent in state custody prior to his state sentencing. Colston Decl. ¶ 18; *id.*, Att. 16, Dkt. No. 9-17. Petitioner does not appear to dispute that he received credit for that time. However, the additional time petitioner seeks, the time between his state sentencing on March 6, 2015, and the imposition of his federal sentence on November 9, 2015, cannot be credited toward his federal sentence because it has already been credited against his state sentence. *See* 18 U.S.C. § 3585(b); *see also* Colston Decl. ¶ 15; *id.*, Att. 13, Dkt. No. 9-14, at 2. Despite petitioner's contentions, the time cannot be credited toward both sentences. *See* 18 U.S.C. § 3585(b); *Thomas*, 2007 WL 836870, at *3 ("[U]nder this provision prior time served that is properly credited toward another sentence may not be counted, since to find otherwise would result in a prisoner earning 'double credit' for a single period of time served."); *accord Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013) (noting "express bar on double credit").

Moreover, by statute petitioner's federal sentence could not begin prior to its imposition. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *Thomas*, 2007 WL 836870, at *2 ("[T]he earliest date upon which a federal court may order that a sentence commence is the date it is imposed."). Although petitioner states that the federal sentencing judge "intended that the date of commencement of the federal sentence was to be before the date of imposition; i.e. from the date of the original state arrest on March 6, 2015, or at least from the date of arrest for the federal offense on July 21, 2015,"

12

Pet. Mem. at 6,[7] the BOP could not calculate petitioner's sentence as beginning any earlier than November 9, 2015, when he was sentenced in federal court, Colston Decl., Att. 7 at 2; *id.*, Att. 12; *see also Thomas*, 2007 WL 836870, at *2.

Based on the foregoing, the BOP's decision to deny petitioner's request for *nunc pro tunc* designation was not an abuse of discretion. The BOP properly calculated petitioner's federal sentence as commencing when he was returned to the state detention facility after his federal sentencing, at which time he began to serve his federal sentence and continued to serve his state sentence. *See* Colston Decl., Att. 9, Dkt. No. 9-10, at 2-3; *id.*, Att. 10, Dkt. No. 9-11, at 4-5; *id.*, Att. 18, Dkt. No. 19. The BOP awarded petitioner the credit he was entitled to receive, Colston Decl. ¶ 18 at 2; *id.*, Att. 10 at 4-5; *id.*, Att. 16 at 2, and declined to award him credit he was not entitled to receive, Colston Decl. ¶¶ 15-16; *id.*, Att. 16 at 3. Petitioner's argument that the BOP abused its discretion is rejected.

## V.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the petition (Dkt. No. 1) is **DENIED AND DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C.

---

[7] The July 21, 2015, date has no relevance because petitioner remained in state custody during this period. BOP Policy Statement 5880.28 states:

> Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for "writ" custody is not the federal charge. The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody.

Colston Decl., Att. 14 at 2, Dkt. No. 9-15.

§ 2253(c)(2) requires;[8] and it is further

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties, and serve an updated docket sheet upon petitioner, in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 2, 2019
Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[8] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).